# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| THOMAS EARL GLADDEN, SR., *Prisoner Identification No. 1883041*,<br><br>Petitioner,<br><br>v.<br><br>MATT BARBER, *Warden*, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND,<br><br>Respondents. | Civil Action No. TDC-16-1257 |

## MEMORANDUM OPINION

Thomas Earl Gladden, Sr., currently confined at the McDonnell Unit of the Texas Department of Corrections in Beeville, Texas, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition challenges Gladden's 1999 conviction in the Circuit Court for Baltimore City, Maryland for first-degree murder, armed robbery, and related offenses. On June 2, 2016, the Court issued an Order requiring Respondents to file a Limited Answer to the Petition. Respondents filed a Limited Answer on July 15, 2016, seeking dismissal of the Petition on the basis that Gladden's claims are time-barred. On July 25, 2016, Gladden filed a Response to the Limited Answer. Gladden has also filed a Motion for Appointment of Counsel. For the reasons set forth below, the Petition is dismissed as time-barred, and the Motion is denied.

## BACKGROUND

On March 22, 1999, Gladden was convicted by a jury in the Circuit Court for Baltimore City, Maryland of first-degree murder, two counts of robbery with a deadly weapon, two counts of first-degree assault, two counts of unlawful use of a handgun, kidnapping, and false imprisonment. He was sentenced on April 27, 1999 to life imprisonment plus an additional 50 years. Gladden filed a motion for modification of his sentence that was denied on July 28, 1999. Gladden filed an appeal and, in an unreported opinion issued on February 25, 2000, the Court of Special Appeals of Maryland vacated Gladden's sentences for first-degree assault but otherwise affirmed his judgment of conviction. *Gladden v. State*, No. 0780 (Md. Ct. Spec. App. Feb. 25, 2000). The court's mandate issued on March 27, 2000. Gladden did not seek further review of the decision by the Court of Appeals of Maryland. Consequently, his judgment became final for purposes of direct review on April 12, 2000. *See* Md. Rule 8-302(a) (requiring a petition for writ of certiorari to be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate or 30 days after the opinion by the Court of Special Appeals is filed). Separately, Gladden filed an application for panel review of his sentence that was denied on July 27, 2000.

On May 17, 2006, Gladden filed a petition for post-conviction relief in the Circuit Court, which was denied on June 29, 2010. Gladden's application for leave to appeal this decision was denied by the Court of Special Appeals on March 30, 2012, *Gladden v. State*, No. 1149 (Md. Ct. Spec. App. March 30, 2012), with the court's mandate issuing on May 1, 2012. On November 8, 2012, Gladden filed a motion to reopen post-conviction proceedings, which was denied on December 16, 2013. Another motion to reopen post-conviction proceedings, filed on March 26, 2014, was granted on April 22, 2014 to the extent that it allowed Gladden to file a belated

2

application for leave to appeal. Gladden's application for leave to appeal was denied by the Court of Special Appeals of Maryland on April 16, 2015, with the court's mandate issuing on May 18, 2015.

On April 21, 2016, Gladden submitted the instant Petition, which was received and docketed by this Court on April 27, 2016. Because the Petition is dated April 21, 2016, it is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding that a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule); *see also United States v. McNeill*, 523 F. App'x 979, 982-83 (4th Cir. 2013).

## DISCUSSION

### I. Petition

In his Petition to this Court, Gladden claims that he has been denied his constitutional right to effective assistance of counsel because post-conviction counsel failed to raise several claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and trial court error. Respondents argue that the Petition is time-barred under 28 U.S.C. § 2244(d).

#### A. Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d) (2012). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, because Gladden did not file a petition for writ of certiorari with the Court of Appeals of Maryland, under a strict construction, the one-year limitations period began to run on April 12, 2000, the date of the expiration of the time for seeking direct review. *See* § 2244(d)(1)(A). Under a more permissive construction, the one-year limitation period would have begun to run on July 27, 2000, when his application for panel review was denied. Under either construction, because Gladden did not file a post-conviction petition within one year of the date that the limitations period began to run, his Petition is time-barred.

Gladden notes that the one-year limitations period is tolled for the "period when state-post-conviction proceedings are pending in any state court." Pet'r's Resp. 2, ECF No. 7. Moreover, he states that ineffective assistance of counsel claims are to be reserved for a state post-conviction petition, which can be filed within 10 years from the final judgment of direct appeal and which he did file on May 17, 2006. The fact that Gladden timely filed a state post-conviction petition under state law, however, does not excuse the fact that for approximately six years after the federal limitations began to run, from 2000 to 2006, Gladden did not file a state post-conviction petition that would have tolled the limitations period. The limitations period, therefore, elapsed by no later than July 27, 2001.

Under certain circumstances, the one-year statute of limitations may be subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). A petitioner seeking equitable tolling must establish that: (1) the petitioner had been pursuing his rights diligently, and (2) "some extraordinary circumstance" prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The extraordinary circumstance must be beyond the petitioner's control or external to the petitioner's own conduct. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Gladden has failed to meet this standard. The only explanation Gladden has offered for failing to file either a state post-conviction petition or his federal petition for almost six years is his contention, citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), that post-conviction attorney error that causes a procedural default is a valid basis for equitable tolling. *Martinez*, however, addressed not equitable tolling, but the question of what circumstances would provide cause to excuse procedural default, which ordinarily bars the consideration of claims that a state court declined to address because of the failure to comply with a state procedural rule. 132 S. Ct. at 1316. Specifically, *Martinez* held that when state law requires that a claim of ineffective assistance of trial counsel be raised in the first state collateral proceeding, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state court] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. It provides no foundation for an equitable tolling argument. Where Gladden has otherwise failed to offer any persuasive basis to support equitable tolling, his Petition is time-barred under § 2244(d) and shall be dismissed with prejudice.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, Gladden's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that Gladden has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Gladden may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### II. Motion for Appointment of Counsel

In his Motion for Appointment of Counsel, filed on November 21, 2016, Gladden claims that he is unable to afford counsel, the circumstances of his imprisonment in Texas greatly limit

his ability to litigate his case, he has limited knowledge of the law and limited access to the prison law library, and the appointment of counsel would leave him in a better position to present evidence, to cross examine witnesses, and to engage in negotiations. In light of the Court's decision to dismiss his Petition as time-barred, however, the Motion will be denied as moot.

## CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice as time-barred and declines to issue a Certificate of Appealability. The Court also denies as moot the Motion for Appointment of Counsel. A separate Order shall issue.

Date: January 19, 2017

THEODORE D. CHUANG
United States District Judge